J. Paul Gignac, SBN 125676
J. PAUL GIGNAC, ESQ., APC
15 W. Carrillo Street, Suite 246
Santa Barbara, California 93101
Telephone: (805) 683-7400
Facsimile: (805) 962-0722
jpg@foleybezek.com

Bobby Saadian, SBN 250377
WILSHIRE LAW FIRM
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiff
and Proposed Class*

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| NICHOLAS BALSAMO, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>        vs.<br><br>KIMPTON HOTEL & RESTAURANT GROUP, LLC, a Delaware limited liability corporation; and DOES 1 to 10, inclusive,<br><br>                Defendants. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT**<br>  1. BREACH OF IMPLIED CONTRACT<br>  2. NEGLIGENCE<br>  3. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE § 17200 UNLAWFUL BUSINESS PRACTICES<br>  4. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §17200 UNFAIR BUSINESS PRACTICES<br>  5. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §17200 FRAUDULENT/DECEPTIVE BUSINESS |

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PRACTICES
6.  NEGLIGENCE *PER SE*
7.  BREACH OF COVENANT OF GOOD
    FAITH AND FAIR DEALING
8.  VIOLATION OF CALIFORNIA DATA
    BREACH ACT
    <u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff Nicholas Balsamo ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action based upon personal knowledge as to himself and his own acts, and as to all other matters upon information and belief, based upon, *inter alia*, the investigations of his attorneys.

## NATURE OF THE ACTION

1.     As of March 2018, Kimpton Hotels & Restaurants ("Defendant") owned or managed 66 properties in the world.  Every day, hundreds of customers book hotel rooms with Defendant.  Hundreds of thousands of customers every year book hotel rooms using the Sabre SynXis Central Reservations system, which facilitates the booking of hotel reservations made by consumers through hotels, online travel agencies, and similar booking services.  Defendant utilizes the SynXis Central Reservations system ("CRS").  Consumers expect the highest quality of services when booking a hotel room with Defendant.  What consumers did not expect is that during the period between August 10, 2016 and March 9, 2017, their personal information would be collected by an unauthorized third party.  The data of customers that stayed at Defendant's hotels was accessed due to a data breach.

2.     Plaintiff, individually and on behalf of those similarly situated persons (hereafter "Class Members"), brings this Class Action to secure redress against Defendant for its reckless and negligent violation of customer privacy rights. Plaintiff and Class Members are customers who booked hotel reservations with Defendant, during the period of August 10, 2016 to March 9, 2017.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

3.      Plaintiff and Class Members suffered injury.  The security breach compromised hotel customers' full name, credit and debit card account numbers, card expiration dates, card verification codes, emails, phone numbers, addresses, and other private identifiable information ("PII").

4.      As a result of Defendant's actions, Plaintiff was forced to take remedial steps to protect himself from future loss.  Indeed, all of the Class Members are currently at a very high risk of direct theft, and prophylactic measures, such as the purchase of credit monitoring, are reasonable and necessary to prevent and mitigate future loss.

5.      As a result of Defendant's wrongful actions and inactions, customer information was stolen.  Many of the customers who booked rooms at Defendant's hotels have had their PII compromised, have had their privacy rights violated, have been exposed to the risk of fraud and identify theft, and have otherwise suffered damages.

## THE PARTIES

6.      Plaintiff is a California citizen residing in Los Angeles, California. Plaintiff is a long-time customer of Defendant who has given his personal identifying information to Defendant.  Shortly after the breach, Plaintiff's debit and credit card information was accessed by hackers.   In addition, Plaintiff has to purchase credit and personal identity monitoring service to alert him to potential misappropriation of his identity and to combat risk of further identity theft. At a minimum, therefore, Plaintiff has suffered damages because he will be forced to incur the cost of monitoring service.  Exposure of Plaintiff's identifying personal information has placed him at imminent, immediate and continuing risk of further identity theft-related harm.

7.      Plaintiff brings this action on his own behalf and on behalf of all others similarly situated, namely all other individuals who have made a booking at any of Defendant's hotels during the period of August 10, 2016 to March 9, 2017.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

8.      Defendant Kimpton Hotel & Restaurant Group is a Delaware limited liability corporation, with its headquarters at 222 Kearny Street, #200, San Francisco, CA, 94108.  Defendant conducts a large amount of its business in California, and the United States as a whole.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over the state law claims asserted herein pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), since some of the Class Members are citizens of a State different from the Defendant and, upon the original filing of this complaint, members of the putative Plaintiff class resided in states around the country; there are more than 100 putative class members; and the amount in controversy exceeds $5 million.

10.     The Court also has personal jurisdiction over the parties because, on information and belief, Defendant conducts a major part of its national operations with regular and continuous business activity in California, through a number of hotels and with an advertising budget not exceeded in other jurisdictions throughout the United States.

11.     Venue is appropriate in this District because, among other things: (a) Plaintiff is a resident of this District and a citizen of this state; (b) Defendant directed its activities at residents in this District; and (c) many of the acts and omissions that give rise to this Action took place in this judicial District.

12.     Venue is further appropriate in this District pursuant to 28 U.S.C. § 1391 because Defendant conducts a large amount of its business in this District, and because Defendant has substantial relationships in this District.

## SUBSTANTIVE ALLEGATIONS

### A. The Kimpton's Data Breach

13.     Sabre operates the SynXis Central Reservations system, which facilitates the booking of hotel reservations made by individuals and companies. Sabre's CRS serves more than 36,000 properties with 2.4 hotels added to Sabre's

4

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

system every hour and with over 8 billion CRS shopping requests each month. *See* Sabre Results, available at http://www.sabrehospitality.com/.

14. On July 28, 2017, Defendant stated that "[o]n May 2, 2017, Sabre disclosed a data security incident that may have affected personal information. Sabre launched an investigation and engaged a digital forensics firm to assist in this investigation. On June 6, 2017, Kimpton received notification from Sabre that information within Sabre's system was accessed without authorization. Sabre advised that certain reservation information may have been accessed between August 10, 2016 and March 9, 2017." Notice of Data Breach attached hereto as **Exhibit A**.

15. In addition to the eight-month period, the unauthorized third-parties would have had access to booking information up to 60 days prior to the breach, as the SynXis CRS only deletes reservation details 60 days after the hotel stay. *See* June 29, 2017, Google Notice of Data Breach, attached hereto as **Exhibit B**.

### B. Stolen Information Is Valuable to Hackers and Thieves

16. It is well known, and the subject of many media reports, that payment card data is highly coveted and a frequent target of hackers. Especially in the technology industry, the issue of data security and threats thereto is well known. Despite well-publicized litigation and frequent public announcements of data breaches, Defendant opted to maintain an insufficient and inadequate system to protect the personable identifiable information of Plaintiff and Class Members.

17. Legitimate organizations and criminal underground alike recognize the value of PII. Otherwise, they would not aggressively seek or pay for it. As previously seen in one of the world's largest data breaches, hackers compromised the card holder data of 40 million of Target's customers. *See* "Target: 40 million credit cards compromised," CNN Money, Dec. 19, 2013, *available* at http://money.cnn.com/2013/12/18/news/companies/target-credit-card/, attached hereto as **Exhibit C.**

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

18.    Credit or debit card information is highly valuable to hackers.  Credit and debit card information that is stolen from the point of sale are known as "dumps."  *See* Krebs on Security April 16, 2016, Blog Post, *available at* https://krebsonsecurity.com/2016/04/all-about-fraud-how-crooks-get-the-cvv/, attached hereto as **Exhibit D**.  Credit and debit card dumps can be sold in the cybercrime underground for a retail value of about "$20 apiece."  *Id.*  This information can also be used to clone a debit or credit card.  *Id.*

## C.    The Data Breach Has and Will Result in Additional Identity Theft and Identity Fraud

19.    Defendant failed to implement and maintain reasonable security procedures and practices appropriate to protect the PII of Plaintiff and the Class Members.

20.    The ramification of Defendant's failure to keep Plaintiff's and the Class Members' data secure is severe.

21.    According to Javelin Strategy and Research, "one in every three people who is notified of being a potential fraud victim becomes one . . . with 46% of consumers who had cards breached becoming fraud victims that same year." "Someone Became an Identity Theft Victim Every 2 Seconds Last Year," Fox Business, Feb. 5, 2014 *available* at http://www.foxbusiness.com/personal-finance/2014/02/05/someone-became-identitytheft-victim-every-2-seconds-last-year.html attached hereto as **Exhibit E**.

22.    It is incorrect to assume that reimbursing a consumer for a financial loss due to fraud makes that individual whole again.  On the contrary, after conducting a study, the Department of Justice's Bureau of Justice Statistics ("BJS") found that "among victims who had personal information used for fraudulent purposes, 29% spent a month or more resolving problems."  *See* "Victims of Identity Theft," U.S. Department of Justice, Dec 2013, *available at* https://www.bjs.gov/content/pub/pdf/vit12.pdf attached hereto as **Exhibit F**.  In

1    fact, the BJS reported, "resolving the problems caused by identity theft [could] take

2    more than a year for some victims." *Id*. at 11.

3    **D. Annual Monetary Losses from Identity Theft are in the Billions of**

4    **Dollars**

5    23.    Javelin Strategy and Research reports that losses from identity theft

6    reached $21 billion in 2013. *See* 2013 Identity Fraud Report, attached hereto as

7    **Exhibit G**. There may be a time lag between when harm occurs and when it is

8    discovered, and also between when PII is stolen and when it is used. According to

9    the U.S. Government Accountability Office ("GAO"), which conducted a study

10   regarding data breaches:

11

12       [L]aw enforcement officials told us that in some cases, stolen data may
         be held for up to a year or more before being used to commit identity

13       theft. Further, once stolen data have been sold or posted on the Web,
         fraudulent use of that information may continue for years. As a result,

14       studies that attempt to measure the harm resulting from data breaches
         cannot necessarily rule out all future harm.

15

16   See GAO, Report to Congressional Requesters, at 33 (June 2007), *available* at

17   *http://www.gao.gov/new.items/d07737.pdf*, attached hereto as **Exhibit H**.

18   24.    Plaintiff and the Class Members now face years of constant

19   surveillance of their financial and personal records, monitoring, and loss of rights.

20   The Class is incurring and will continue to incur such damages in addition to any

21   fraudulent credit and debit card charges incurred by them and the resulting loss of

22   use of their credit and access to funds, whether or not such charges are ultimately

23   reimbursed by the credit card companies.

24   **E. Plaintiff and Class Members Suffered Damages**

25   25.    The data breach was a direct and proximate result of Defendant's

26   failure to properly safeguard and protect Plaintiff's and Class Members' PII from

27   unauthorized access, use, and disclosure, as required by various state and federal

28   regulations, industry practices, and the common law. The data breach was also a

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

result of Defendant's failure to establish and implement appropriate administrative, technical, and physical safeguards to ensure the security and confidentiality of Plaintiff's and Class Members' PII to protect against reasonably foreseeable threats to the security or integrity of such information.

26.    Plaintiff's and Class Members' PII is private and sensitive in nature and was inadequately protected by Defendant.  Defendant did not obtain Plaintiff's and Class Members' consent to disclose their PII, except to certain persons not relevant to this action, as required by applicable law and industry standards.

27.    As a direct and proximate result of Defendant's wrongful action and inaction and the resulting data breach, Plaintiff and the Class Members have been placed at an imminent, immediate, and continuing risk of harm from identity theft and identity fraud, requiring them to take the time and effort to mitigate the actual and potential impact of the subject data breach on their lives by, among other things, placing "freezes" and "alerts" with credit reporting agencies, contacting their financial institutions, closing or modifying financial accounts, and closely reviewing and monitoring their credit reports and accounts for unauthorized activity.

28.    Defendant's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's and the Class Members' PII, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

a.    Theft of their PII;

b.    The imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiff's and Class Members' information on the Internet black market;

c.    The untimely and inadequate notification of the data breach;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

d. The improper disclosure of their PII;

e. Loss of privacy;

f. Ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the data breach;

g. Ascertainable losses in the form of deprivation of the value of their PII, for which there is a well-established national and international market;

h. Overpayments to Defendant for bookings and purchases during the period of the subject data breach in that implied in the price paid for such booking by Plaintiff and the Class Members to Defendant was the promise that some amount of the booking charge would be applied to the costs of implementing reasonable and adequate safeguards and security measures that would protect customers' PII, which Defendant and its affiliates did not implement and, as a result, Plaintiff and Class Members did not receive what they paid for and were overcharged by Defendant; and

i. Deprivation of rights they possess under the Unfair Competition Laws.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action on his own behalf and pursuant to the Federal Rules of Civil Procedure Rule 23(a), (b)(2), (b)(3), and (c)(4). Plaintiff intends to seek certification of a Nationwide Class and a California Class. The Nationwide class is initially defined as follows:

> All persons residing in the United States who booked rooms at any of Defendant's hotels from the time period August 10, 2016 to March 9, 2017 (the "Nationwide Class").

The California Class is initially defined as follows:

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

All persons residing in California who booked rooms at any of Defendant's hotels from the time period August 10, 2016 to March 9, 2017 (the "California Class").

30.     Excluded from each of the above Classes is Defendant, including any entity in which Defendant has a controlling interest, is a parent or subsidiary, or which is controlled by Defendant, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendant.  Also excluded are the judge and the court personnel in this case and any members of their immediate families.  Plaintiff reserves the right to amend the Class definitions if discovery and further investigation reveal that the Classes should be expanded or otherwise modified.

31.     *Numerosity*. Fed. R. Civ. P. 23(a)(1). The members of the Classes are so numerous that the joinder of all members is impractical. While the exact number of Class Members is unknown to Plaintiff at this time, Defendant has acknowledged that customers' PII was stolen for a period of 8 months.  The disposition of the claims of Class Members in a single action will provide substantial benefits to all parties and to the Court.   The Class Members are readily identifiable from information and records in Defendant's possession, custody, or control, such as reservation receipts and confirmations.

32.     *Commonality*. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Classes, which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a.     Whether Defendant owed a duty of care to Plaintiff and Class Members with respect to the security of their personal information;

b.     Whether Defendant took reasonable steps and measures to safeguard Plaintiff's and Class Members' personal information;

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

c.   Whether Defendant violated California's Unfair Competition Law by failing to implement reasonable security procedures and practices;

d.   Whether Defendant violated common and statutory law by failing to promptly notify Class Members that their Private Identifiable Information had been compromised;

e.   Which security procedures and which data-breach notification procedure should Defendant be required to implement as part of any injunctive relief ordered by the Court;

f.   Whether Defendant has an implied contractual obligation to use reasonable security measures;

g.   Whether Defendant has complied with any implied contractual obligation to use reasonable security measures;

h.   Whether Defendant's acts and omissions described herein give rise to a claim of negligence;

i.   Whether Defendant knew or should have known of the security breach prior to its 2017 disclosure;

j.   Whether Defendant had a duty to promptly notify Plaintiff and Class Members that their personal information was, or potentially could be, compromised;

k.   What security measures, if any, must be implemented by Defendant to comply with its implied contractual obligations;

l.   The nature of the relief, including equitable relief, to which Plaintiff and the Class Members are entitled;

m.   Whether Defendant willfully and/or negligently violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*; and

n.   Whether Plaintiff and the Class Members are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

33.    *Typicality*. Fed. R. Civ. P. 23(a)(3).  Plaintiff's claims are typical of those of other Class Members because Plaintiff's PII, like that of every other Class Member, was misused and/or disclosed by Defendant.

34.    *Adequacy of Representation*. Fed. R. Civ. P. 23(a)(4).  Plaintiff will fairly and adequately represent and protect the interests of the members of the Classes.  Plaintiff has retained competent counsel experienced in litigation of class actions, including consumer and data breach class actions, and Plaintiff intends to prosecute this action vigorously.  Plaintiff's claims are typical of the claims of other members of the Classes and Plaintiff has the same non-conflicting interests as the other Class Members.  Therefore, the interests of the Classes will be fairly and adequately represented by Plaintiff and his counsel.

35.    *Superiority of Class Action*. Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Classes is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims.  There will be no difficulty in the management of this action as a class action.

36.    Damages for any individual class member are likely insufficient to justify the cost of individual litigation so that, in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go un-remedied.

37.    Class certification is also appropriate under Fed. R. Civ. P. 23(a) and (b)(2), because Defendant has acted or refused to act on grounds generally applicable to the Classes, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Classes as a whole.

## COUNT I

### Breach of Implied Contract

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

(On Behalf of Plaintiff, the Nationwide Class and the California Class)

38. Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 37, inclusive, of this Complaint as if set forth fully herein.

39. Defendant solicited and invited Plaintiff and the members of the Classes to book hotel rooms in one of Defendant's hotels. Plaintiff and Class Members accepted Defendant's offers and booked hotel rooms at one of Defendant's hotels.

40. When Plaintiff and Class Members booked hotel rooms at one of Defendant's hotels, they provided their Private Identifiable Information. In so doing, Plaintiff and Class Members entered into implied contracts with Defendant pursuant to which Defendant agreed to safeguard and protect such information and to timely and accurately notify Plaintiff and Class Members if their data had been breached and compromised.

41. Each booking by Plaintiff and Class Members was made pursuant to the mutually agreed-upon implied contract with Defendant under which Defendant agreed to safeguard and protect Plaintiff's and Class Members' PII and to timely and accurately notify them if such information was compromised or stolen.

42. Plaintiff and Class Members would not have provided and entrusted their PII to Defendant in the absence of the implied contract.

43. Plaintiff and Class Members fully performed their obligations under the implied contracts with Defendant.

44. Defendant breached the implied contracts which it made with Plaintiff and Class Members by failing to safeguard and protect the PII of Plaintiff and Class Members and by failing to provide timely and accurate notice to them that their PII was compromised as a result of the data breach.

45. Plaintiff and Class Members have lost the benefit of the bargain by having their PII compromised. Plaintiff and Class Members have spent more on

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

booking Defendant's rooms than they would have if they had known that Defendant was not providing the reasonable security that Plaintiff and Class Members expected. Plaintiff and Class Members have lost money and/or property as a result of Defendant's actions.

46. As a direct and proximate result of Defendant's breaches of the implied contracts between Defendant and Plaintiff and Class Members, Plaintiff and Class Members sustained actual losses and damages in an amount according to proof at trial but in excess of the minimum jurisdictional requirement of this Court.

## COUNT II

### Negligence

(On Behalf of Plaintiff, the Nationwide Class and the California Class)

47. Plaintiff alleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 37, inclusive, of this Complaint as if set forth fully herein.

48. Upon accepting Plaintiff's and Class Members' PII in its point-of-sale system, Defendant undertook and owed a duty to Plaintiff and Class Members to exercise reasonable care to secure and safeguard that information from being compromised, lost, stolen, misused, and or/disclosed to unauthorized parties and to utilize commercially reasonable methods to do so. This duty included, among other things, designing, maintaining, and testing Defendant's security systems to ensure that Plaintiff's and the Class Members' PII was adequately secured and protected.

49. Defendant further had a duty to implement processes that would detect a breach of its security system in a timely manner.

50. A "special relationship" exists between Defendant and the Plaintiff and Class Members. Defendant entered into a "special relationship" with the Plaintiff and Class Members whose Personal Information was requested, collected, and received by Defendant. Defendant entered into a "special relationship" with all Plaintiffs and Class Members by placing their Personal Information in their

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

database, and their affiliate's database.  Furthermore, Defendant also created a "special relationship" with Plaintiff and Class Members who provided their information to Defendant and its affiliates, by playing a large role in creating and maintaining centralized computer systems and data security practices that were used for storage of all of Defendant's customers' Personal Information. Finally, Defendant also created a "special relationship" with Plaintiff and Class Members whose Personal Information was placed in the Defendant database due to their dealings with its affiliates.  Plaintiff's and Class Members' Personal Information was placed in the Defendant's and/or its affiliates' database so that they could receive access to hotel rooms with Defendant.

51.    Due to Defendant's negligence, Plaintiff and Class Members have suffered a loss of value in the form of diminution in the value of their PII.  The diminution in the value of Plaintiff and Class Members' PII results in physical damage to their property, namely, their PII.

52.    Defendant had a duty to timely disclose to Plaintiff and Class Members that their PII had been or was reasonably believed to have been compromised. Timely disclosure was appropriate so that, among other things, Plaintiff and Class Members could take appropriate measures to avoid use of bank funds and monitor their account information and credit reports for fraudulent activity.

53.    Defendant breached its duty to discover and to notify Plaintiff and Class Members of the unauthorized access by failing to discover the security breach within reasonable time and by failing to notify Plaintiff and Class Members of the breach until July of 2017.  To date, Defendant still has not provided sufficient information to Plaintiff and Class Members regarding the extent and scope of the unauthorized access and continues to breach its disclosure obligations to Plaintiff and the Class Members.

54.    Defendant also breached its duty to Plaintiff and Class Members to adequately protect and safeguard this information by knowingly disregarding

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

standard information security principles, despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured PII. Furthering its negligent practices, Defendant failed to provide adequate supervision and oversight of the PII, in spite of the known risk and foreseeable likelihood of breach and misuse, which permitted a third party to gather Plaintiff's and Class Members' PII, misuse the PII, and intentionally disclose it to others without consent.

55. Through Defendant's acts and omissions as described in this Complaint, including Defendant's failure to provide adequate security and its failure to protect Plaintiff's and Class Members' PII from being foreseeably captured, accessed, disseminated, stolen, and misused, Defendant unlawfully breached its duty to exercise reasonable care to adequately protect and secure Plaintiff's and Class Members' PII during the time it was within Defendant's control.

56. Further, through its failure to timely discover and provide clear notification of the data breach to consumers, Defendant prevented Plaintiff and Class Members from taking meaningful, proactive steps to secure their PII.

57. Upon information and belief, Defendant improperly and inadequately safeguarded the PII of Plaintiff and Class Members and did so in a manner that deviated from standard industry rules, regulations, and practices at the time of the data breach.

58. Defendant's failure to take proper security measures to protect Plaintiff's and Class Members' sensitive PII, as described in this Complaint, created conditions conducive to a foreseeable, intentional criminal act, namely the unauthorized access of Plaintiff's and Class Members' PII.

59. Defendant's conduct was grossly negligent and departed from all reasonable standards of care, including, but not limited to: failing to adequately protect the PII; failing to conduct adequate regular security audits; and failing to provide adequate and appropriate supervision of persons having access to Plaintiff's

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

and Class Members' PII.

60.     Neither Plaintiff nor the other Class Members contributed to the data breach and subsequent misuse of their PII as described in this Complaint.

61.     As a direct and proximate result of Defendant's negligence, Plaintiff and Class Members sustained actual losses and damages in an amount according to proof at trial but in excess of the minimum jurisdictional requirement of this Court.

## COUNT III

**Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code § 17200 Unlawful Business Practices**

(On Behalf of Plaintiff and the California Class)

62.     Plaintiff alleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 37, inclusive, of this Complaint as if set forth fully herein.

63.     Defendant has violated Cal. Bus. and Prof. Code §17200 et seq. by engaging in unlawful, unfair or fraudulent business acts and practices that constitute acts of "unfair competition" as defined in Cal. Bus. Prof. Code §17200.  Defendant engaged in unlawful acts and practices with respect to its services by establishing the sub-standard security practices and procedures described herein; by soliciting and collecting Plaintiff's and Class Members' PII with knowledge that the information would not be adequately protected; and by gathering Plaintiff's and Class Members' PII in an unsecure electronic environment in violation of California's data breach statute, Cal. Civ. Code § 1798.81.5, which requires Defendant to take reasonable steps to safeguard the PII of Plaintiff and the Class Members.  Defendant also violated Federal Trade Commission Act (15 U.S.C. §45), and Cal. Civ. Code § 1798.81.

64.     In addition, Defendant engaged in unlawful acts and practices with respect to its services by failing to discover and then disclose the data breach to Plaintiff and Class Members in a timely and accurate manner, contrary to the duties

imposed by Cal. Civ. Code § 1798.82. To date, Defendant still has not provided sufficient information to Plaintiff and the Class Members.

65.    As a direct and proximate result of Defendant's unlawful acts and practices, Plaintiff and the Class Members were injured and lost money or property, including but not limited to the loss of their legally protected interest in the confidentiality and privacy of their PII, and additional losses described above.

66.    Plaintiff and the Class Members seek relief under Cal. Bus. & Prof. Code § 17200, *et. seq.*, including, but not limited to, restitution to Plaintiff and Class Members of money or property that Defendant acquired from Plaintiff and the Class Members by means of its unlawful, and unfair business practices, declaratory relief, attorney's fees and costs (pursuant to Cal. Code Civ. Proc. § 1021.5), and injunctive or other equitable relief.

## COUNT IV

## Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code §17200 Unfair Business Practices

(On Behalf of Plaintiff and the California Class)

67.    Plaintiff alleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 37, inclusive, of this Complaint as if set forth fully herein.

68.    Defendant engaged in unfair acts and practices by soliciting and collecting Plaintiff's and Class Members' PII with knowledge that the information would not be adequately protected while Plaintiff's and the Class Members' PII would be processed in an unsecure electronic environment. These unfair acts and practices were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff and Class Members. They were likely to deceive the public into believing their PII was secure, when it was not. The harm these practices caused to Plaintiff and Class Members outweighed their utility, if any.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

69.     Defendant engaged in unfair acts and practices with respect to the provision of its services by failing to enact adequate privacy and security measures to protect Plaintiff's and Class Members' PII from further unauthorized disclosure, release, data breaches, and theft and by failing to timely discover and give notice of the data breach.   These unfair acts and practices were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff and Class Members. They were likely to deceive the public into believing their Private Identifiable Information was secure, when it was not.  The harm these practices caused to Plaintiff and the Class Members outweighed their utility, if any.

70.     As a direct and proximate result of Defendant's unfair practices and acts, Plaintiff and the Class Members were injured and lost money or property, including but not limited to the loss of their legally protected interest in the confidentiality and privacy of their PII, and additional losses described above.

71.     Plaintiff and the Class Members seek relief under Cal. Bus. & Prof. Code § 17200, *et. seq*., including, but not limited to, restitution to Plaintiff and Class Members of money or property that Defendant acquired from Plaintiff and the Class Members by means of its unfair business practices, declaratory relief, attorney's fees and costs (pursuant to Cal. Code Civ. Proc. §1021.5), and injunctive or other equitable relief.

## COUNT V

**Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code §17200 Fraudulent/Deceptive Business Practices**

(On Behalf of Plaintiff and the California Class)

72.     Plaintiff alleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 37, inclusive, of this Complaint as if set forth fully herein.

73.     Defendant engaged in fraudulent and deceptive acts and practices by omitting, suppressing, and concealing the material fact of the inadequacy of the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

19

privacy and security protections for Plaintiff's and Class Members' PII. When Plaintiff and Class Members were booking hotel rooms with Defendant, Defendant failed to disclose to Plaintiff and Class Members that its data security systems failed to meet legal and industry standards for the protection of their Private Identifiable Information. Plaintiff and the Class Members would not have booked a hotel room with Defendant if they had known about its substandard data security practices. These nondisclosures were likely to deceive members of the public, including Plaintiff and Class Members, into believing their PII was secure, when it was not, and that Defendant was complying with relevant law and industry standards, when it was not.

74. As a direct and proximate result of Defendant's deceptive practices and acts, Plaintiff and the Class Members were injured and lost money or property, including but not limited to the loss of their legally protected interest in the confidentiality and privacy of their PII, and additional losses described above.

75. Plaintiff and the Class Members seek relief under Cal. Bus. & Prof. Code § 17200, *et. seq*., including, but not limited to, restitution to the Plaintiff and Class Members of money or property that Defendant acquired from Plaintiff and the Class Members by means of its fraudulent and deceptive business practices, declaratory relief, attorney's fees and costs (pursuant to Cal. Code Civ. Proc. §1021.5), and injunctive or other equitable relief.

## COUNT VI

### Negligence *Per Se*

#### (On Behalf of Plaintiff and the California Class)

76. Plaintiff alleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 37, inclusive, of this Complaint as if set forth fully herein.

77. Pursuant to the Federal Trade Commission Act (15 U.S.C. §45), Defendant had a duty to provide fair and adequate computer systems and data

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

security practices to safeguard Plaintiff's and the Class Members' PII.

78.     Defendant had a duty to Plaintiff and the Class Members to implement and maintain reasonable security procedures and practices to safeguard Plaintiff's and Class Members' PII as required by California Civil Code §1798.81.5.

79.     Defendant breached its duties to Plaintiff and the Class Members under the Federal Trade Commission Act (15 U.S.C. § 45) and California Civil Code §1798.81.5 by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard Plaintiff's and the Class Members' PII.

80.     Defendant's failure to comply with applicable laws and regulations constitutes negligence *per se*.

81.     But for Defendant's negligence *per se*, Plaintiff and the Class Members would not have been injured.

82.     The injury and harm suffered by Plaintiff and the Class Members was the reasonably foreseeable result of Defendant's negligence per se.

83.     Defendant knew or should have known that its negligence per se would cause Plaintiff and the Class Members to experience the foreseeable harms associated with the exposure of their PII.

84.     As a direct and proximate result of Defendant's negligence per se, Plaintiff and Class Members have suffered injury and are entitled to damages in an amount to be proven at trial but in excess of the minimum jurisdictional requirement of this Court.

## COUNT VII

### Breach of the Covenant of Good Faith and Fair Dealing

(On Behalf of Plaintiff, the Nationwide Class and the California Class)

85.     Plaintiff alleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 37, inclusive, of this Complaint as if set forth fully herein.

86.     The law implies a covenant of good faith and fair dealing in every

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

contract.

87.    Plaintiff and Class Members contracted with Defendant by accepting Defendant's offers and paying for the booking of hotel room(s).

88.    Plaintiff and Class Members performed all of their duties under their agreements with Defendant.

89.    All of the conditions required for Defendant's performance under the contract have occurred.

90.    Defendant did not provide and/or unfairly interfered with and/or frustrated the right of Plaintiff and the Class Members to receive the full benefits under their agreements.

91.    Defendant breached the covenant of good faith and fair dealing implied in its contracts with Plaintiff and the Class Members by failing to use and provide reasonable and industry-leading security practices to safeguard the PII of Plaintiff and the Class Members.

92.    Plaintiff and the Class Members were damaged by Defendant's breach in that they paid for, but never received, the valuable security protections to which they were entitled.

93.    As a direct and proximate result of Defendant's breach of the covenant of good faith and fair dealing, Plaintiff and Class Members have suffered injury and are entitled to damages in an amount to be proven at trial but in excess of the minimum jurisdictional requirement of this Court.

## COUNT VIII

### Violation of California Data Breach Act

(On Behalf of Plaintiff and the California Class)

94.    Plaintiff alleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 37, inclusive, of this Complaint as if set forth fully herein.

95.    Defendant was required, but failed, to take all reasonable steps to

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

dispose, or arrange for the disposal, of records within its custody or control containing PII when the records were no longer to be retained, by shredding, erasing, or otherwise modifying the personal information in those records to make it unreadable or undecipherable through any means.

96.    Defendant's conduct, as alleged herein above, violated California, Cal. Civ. Code §§ 1798.80 *et. seq.*

97.    Defendant was required, but failed, to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach.

98.    The data breach constituted a "breach of the security system" within the meaning of section 1798.82(g) of the California Civil Code.

99.    The information compromised in the data breach constituted "personal information" within the meaning of section 1798.80(e) of the California Civil Code.

100.   California Civil Code § 1798.80(e) requires disclosure of data breaches "in the most expedient time possible and without unreasonable delay…."

101.   Defendant violated Cal. Civ. Code § 1798.80(e) by unreasonably delaying disclosure of the data breach to Plaintiff and other Class Members, whose PII was, or was reasonably believed to have been, acquired by an unauthorized person.

102.   Upon information and belief, no law enforcement agency instructed Defendant that notification to Plaintiff and Class Members would impede a criminal investigation.

103.   As a direct and proximate result of Defendant's violation of Cal. Civ. Code § 1798.80, *et seq.*, Plaintiff and Class Members incurred economic damages, including expenses associated with monitoring their personal and financial information to prevent further fraud.

104.   Plaintiff and the Class Members seek all remedies available under Cal. Civ. Code § 1798.84, including, but not limited to: (a) actual damages suffered by

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Class Members as alleged above; (b) statutory damages for Defendant's willful, intentional, and/or reckless violation of Cal. Civ. Code § 1798.83; (c) equitable relief; and (d) reasonable attorneys' fees and costs under Cal. Civ. Code §1798.84(g).

105.    In violating the California Data Breach Act, Defendant acted in a willful, wanton and malicious manner, in callous and conscious disregard for the rights and  interests of Plaintiff and the Class Members, and with knowledge that its conduct would substantially annoy, vex and damage Plaintiff and the Class Members thereby entitling Plaintiff and the Class Members to recover punitive and exemplary damages against Defendant  pursuant to California Civil Code section 3294 in an amount according to proof at trial.

## II.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all Class Members, respectfully requests that the Court enter judgment in his favor and against Defendant as follows:

A.    For an Order certifying the Nationwide Class and California Class as defined herein and appointing Plaintiff and his Counsel to represent the Nationwide Class and the California Class;

B.    For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and Class Members' Private Identifiable Information, and from refusing to issue prompt, complete, and accurate disclosures to Plaintiff and Class Members;

C.    For equitable relief compelling Defendant to utilize appropriate methods and policies with respect to consumer data collection, storage, and safety and to disclose with specificity to Class Members the type of PII compromised.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1    D.    For restitution and disgorgement of the revenues wrongfully obtained

2          as a result of Defendant's wrongful conduct;

3    E.    For an award of actual damages and compensatory damages, in an

4          amount to be determined at trial;

5    F.    For punitive and exemplary damages;

6    G.    For an award of costs of suit, litigation expenses and attorneys' fees,

7          as allowable by law; and

8    G.    For such other and further relief as this Court may deem just and

9          proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury trial for all claims so triable.

Dated: April 20, 2018                    Respectfully Submitted,

/s/ *Bobby Saadian*
Bobby Saadian
J. Paul Gignac
Attorneys for Plaintiff

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL